IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KEVIN BAKER,

    Petitioner,

    v.                                   Case No. 2:05-cv-956
                                       JUDGE HOLSCHUH

NOBLE CORRECTIONAL
INSTITUTION, Warden,             MAGISTRATE JUDGE KEMP

    Respondent.

## REPORT AND RECOMMENDATION

    Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court for preliminary consideration under Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be dismissed without prejudice as unexhausted.

    According to the petition, this case involves petitioner's January 12, 2004, convictions in the Franklin County Court of Common Pleas pursuant to petitioner's guilty plea on felonious assault. Petitioner was sentenced to six years incarceration. Petitioner never filed an appeal; however, he filed a petition for post conviction relief in which he asserted that he was deprived of a fair trial, prosecutorial misconduct, and ineffective assistance of counsel. Petitioner does not indicate the date he filed his petition for post conviction relief, but states that the trial court has not issued any ruling on such action for "almost one year." *Petition*, at 4. Petitioner also indicates that he has filed a petition for a writ of mandamus with the state appellate court, presumably in order to obtain a ruling on his petition for post conviction relief. Petitioner does not indicate the date that his petition for a writ of mandamus was filed, nor does it appear from the petition that a decision on his petition for

a writ of mandamus has been issued.

On October 20, 2005, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. Conviction obtained by plea of guilty which was unlawfully induced and not made voluntarily with understanding of the lawful nature of the charge.
>
> I was induced to plead on a charge [] which I never committed.
>
> 2. Conviction obtained by use of a coerced confession.
>
> Because the States sworn to [sic] the indictment and lied about a weapon which was not obtained to prove element of "felonious" assault.
>
> 3. Conviction obtained by the unconstitutional failure of the prosecution to disclose favorable evidence to the defendant.
>
> The State failed to disclose knowingly that such charge/conviction could not be lawful without the element of a weapon to support a felonious assault conviction.
>
> 4. Denial of effective assistance of counsel for failing to raise these issues and suppress the evidence and failing to file an appeal for me.

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. §2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). But where alternative state remedies are available to consider the same claim, exhaustion of one of these remedies is all that

is necessary. *Keener v. Ridenour*, 594 F.2d 581, 584 (6th Cir. 1979). A habeas petitioner bears the burden of demonstrating that he has properly and fully exhausted his available state court remedies with respect to the claims he seeks to present for federal habeas review. *Prather v. Rees*, 822 F.2d 1418, 1420 n.3 (6th Cir. 1987).

To the extent that petitioner's claims are readily apparent from the face of the record, such claims would be raised properly on direct appeal. Although the time period for filing a timely appeal now has expired, petitioner may still seek a motion for delayed appeal pursuant to Ohio Appellate Rule 5(A), which provides:

> (A) Motion by defendant for delayed appeal.
>
> (1) After the expiration of the thirty day period provided by App. R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases:
>
> (a) Criminal proceedings;
>
> (b) Delinquency proceedings; and
>
> (c) Serious youthful offender proceedings.
>
> (2) A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App. R. 3 and shall file a copy of the notice of the appeal in the court of appeals. The movant also shall furnish an additional copy of the notice of appeal and a copy of the motion for leave to appeal to the clerk of the court of appeals who shall serve the notice of appeal and the motions upon the prosecuting attorney.

Petitioner also must file a timely appeal of any adverse decision in the state appellate court to the Ohio Supreme Court in order to exhaust state court remedies as to his claims.

To the extent that petitioner's claims are not readily apparent from the face of the record, such claims would be raised properly in a petition for post conviction relief pursuant to O.R.C. §2953.21. As previously indicated, petitioner states that he filed a petition for post conviction relief with the state trial court, but that the state trial court has failed to issue a decision for "almost one year." The exhaustion requirement may be excused "where further action in state court 'would be an exercise in futility.'" *Turner v. Bagley*, 401 F.3d 718, 724 (6th Cir. 2005), quoting *Lucas v. People of the State of Michigan*, 420 F.2d 259, 262 (6th Cir.1970).

> In *Workman v. Tate, supra*, [the United States Court of Appeals for the Sixth Circuit] held that a habeas corpus petitioner's failure to exhaust state remedies should be excused where his "petition for post-conviction relief has languished in state court for more than three years." *Workman*, 957 F.2d at 1344. This court reasoned that the state court's inordinate delay in adjudicating the petitioner's claims rendered the state procedures "ineffective or inadequate" and thus "undercut" the foundation of the exhaustion requirement. *Id.* at 1344....
>
> In *Harris v. Champion*, 938 F.2d 1062, 1066 (10th Cir.1991), the Court of Appeals for the Tenth Circuit held that the failure of the Oklahoma public defender to pursue the petitioner's state court appeal excused the petitioner from satisfying the exhaustion requirement of 28 U.S.C. § 2254 where such failure resulted in a projected four-year delay in the petitioner's case.

*Id.*, at 724-25. In *Turner v. Bagley, supra*, the United States Court of Appeals for the Sixth Circuit held that the exhaustion requirement was excused where petitioner's appeal languished in the state courts for "nearly eleven years without meaningful attention" despite a subsequent decision from the state court of appeals affirming the petitioner's conviction.

Here, however, it does not appear at this time that the doctrine of futility is applicable to petitioner's claims. Additionally, petitioner has sought a petition for a writ of mandamus, which action may result in a timely ruling from the state trial court on his petition for post conviction relief.

Again, petitioner must file a timely appeal of any adverse decision in the state trial court on his petition for post conviction relief to the state appellate and Ohio Supreme courts.

Because it appears that petitioner still has available state court remedies as to all of his claims, the Magistrate Judge concludes that this action is unexhausted. Additionally, petitioner has failed to establish good cause for his failure to exhaust state court remedies as to all of his claims.

In view of the foregoing, the Magistrate Judge **RECOMMENDS** that this action be dismissed. If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

```
                                    /s/ Terence P. Kemp
                                    United States Magistrate Judge
```