IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KEVIN BAKER,

    Petitioner,

    v.                                  Case No. 2:05-cv-956
                                          JUDGE HOLSCHUH

NOBLE CORRECTIONAL
INSTITUTION, Warden,              MAGISTRATE JUDGE KEMP

    Respondent.

**OPINION AND ORDER**

On November 3, 2005, the Magistrate Judge issued a *Report and Recommendation* pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts recommending that this action be dismissed without prejudice as unexhausted. On November 15, 2005, petitioner filed a motion for stay. For the reasons that follow, petitioner's request is **DENIED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED,** and this action is hereby **DISMISSED** without prejudice.

As discussed in the *Report and Recommendation*, according to the petition, this case involves petitioner's January 12, 2004, guilty plea in the Franklin Count Court of Common Pleas on felonious assault. Petitioner never filed an appeal, but apparently has a petition for post conviction relief currently pending before the state trial court. *See Petition*. In his federal habeas corpus petition, petitioner asserts:

> 1. Conviction obtained by plea of guilty which was unlawfully induced and not made voluntarily with understanding of the lawful nature of the charge.
>
> I was induced to plead on a charge [] which I never committed.

>2. Conviction obtained by use of a coerced confession.
>
>Because the States sworn to [sic] the indictment and lied about a weapon which was not obtained to prove element of "felonious" assault.
>
>3. Conviction obtained by the unconstitutional failure of the prosecution to disclose favorable evidence to the defendant.
>
>The State failed to disclose knowingly that such charge/conviction could not be lawful without the element of a weapon to support a felonious assault conviction.
>
>4. Denial of effective assistance of counsel for failing to raise these issues and suppress the evidence and failing to file an appeal for me.

In *Rhines v. Weber*, – U.S. –, 125 S.Ct. 1528, 1534 (2005), the United States Supreme Court affirmed a District Court's authority to stay proceedings in unexhausted habeas corpus cases rather than dismiss such cases in their entirety, so that the one-year statute of limitations would not prevent a petitioner from later presenting his claims in a federal habeas corpus petition. However, the Supreme Court held:

>[S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").
>
>\*\*\*
>
>On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the

> petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition. *See Lundy*, 455 U.S., at 522, 102 S.Ct. 1198 (the total exhaustion requirement was not intended to "unreasonably impair the prisoner's right to relief"). In such a case, the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions. For the same reason, if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief. *See id.,* at 520, 102 S.Ct. 1198 (plurality opinion) ("[A petitioner] can always amend the petition to delete the unexhausted claims, rather than returning to state court to exhaust all of his claims").

*Id.*, at 1535. In *Pace v. DiGuglielmo*, – U.S. –, 125 S.Ct. 1807, 1813 (2003), the Supreme Court stated that

> [a] prisoner seeking state postconviction relief might... however, by filing a "protective" petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted.... A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute "good cause" for him to file in federal court.

*Id*., citing *Rhines v. Weber, supra*.

Here, it does not appear that petitioner has exhausted state court remedies as to any of the claims presented for federal habeas corpus review. Further, petitioner has failed to establish good cause for such failure, and the record does not reflect that petitioner's claims are potentially meritorious. *See Rhines v. Weber, supra*.

Petitioner's request for a stay of proceedings therefore is **DENIED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** This case is hereby **DISMISSED** without prejudice as unexhausted.

3

**IT IS SO ORDERED**.

<u>November 30, 2005</u>                                         <u>/s/ John D. Holschuh        </u>
                                                               JOHN D. HOLSCHUH
                                                               United States District Judge